CASPER J. RANKIN (SBN 249196)
ARNOLD L. GRAFF (SBN 269170)
ERIC J. TESTAN (SBN 268919)
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for AURORA LOAN SERVICES LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| In re | Case No. 11-44207 |
|---|---|
| JOHNNY RAY MCGEE AND BONITA YVETTE MCGEE, | Chapter 13 |
| Debtors. | OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN |

Aurora Loan Services LLC[1] (hereinafter "Creditor"), secured creditor of the above-entitled Debtors, Johnny Ray McGee and Bonita Yvette McGee (hereinafter "Debtors"), hereby objects to the Chapter 13 Plan filed by Debtors in the above-referenced matter. The basis of the objection is stated below:

/././
/././
/././
/././
/././
/././

---

[1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

# I.

# STATEMENT OF FACTS

1. On or about August 14, 2007, Debtors, for valuable consideration, made, executed and delivered to Homecomings Financial, LLC f/k/a Homecomings Financial Network, Inc. (hereinafter "Lender") a Promissory Note in the principal sum of $532,000.00 (the "Note"). Pursuant to the Note, Debtors are obligated to make monthly principal and interest payments. A copy of the Note is attached hereto as Exhibit A and incorporated herein by reference.

2. On or about August 14, 2007, Debtors made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in certain real property located at 2051 De Anza Lane, Hercules, California 94547 (hereinafter the "Subject Property"), which is more fully described in the Deed of Trust. The Deed of Trust was recorded on August 30, 2007 in the official records of the Contra Costa County Recorder's office. A copy of the Deed of Trust is attached hereto as Exhibit B and incorporated herein by reference. Thereafter, Debtors defaulted with payments under the Note and are contractually due for April 1, 2010.

3. Subsequently, Lender's beneficial interest in the Deed of Trust was sold, assigned and transferred to Creditor. A true and correct copy of the Corporation Assignment of Deed of Trust evidencing the Assignment of the Deed of Trust to Creditor is attached hereto as Exhibit C and incorporated herein by reference.

4. On or about April 19, 2011, Debtors filed a Chapter 13 bankruptcy petition. On May, 5 2011, Debtors filed their First Amended Chapter 13 Plan, which provides for payments to the Trustee in the sum of $717.00 per month for sixty (60) months. However, Debtors' Amended Plan makes no provision for the cure of Creditor's pre-petition arrears.

5. The pre-petition arrearage on Creditor's secured claim is in the sum of $42,580.38. A copy of Creditor's Proof of Claim is attached hereto as Exhibit D and incorporated herein by reference.

6. Debtors will have to increase the payment through the Chapter 13 Plan to Creditor to approximately $709.63 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed sixty (60) months.

Creditor now objects to the Chapter 13 Plan filed herein by Debtors.

## II.

## ARGUMENT

Application of the provisions of 11 United States Code section 1325 determines when a plan shall be confirmed by the Court. Based on the above sections, as more fully detailed below, this Plan cannot be confirmed as proposed.

### A. DOES NOT MEET FULL VALUE REQUIREMENT
11 U.S.C. § 1325(a)(5)(B)(ii).

The amount of arrearage in Debtors' Chapter 13 Plan is incorrect. The pre-petition arrears specified in the Chapter 13 Plan are $0.00, but the actual pre-petition arrears equal $42,580.38, based on Creditor's Proof of Claim. As a result, the Plan fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii).

### B. PROMPT CURE OF PRE-PETITION ARREARS
11 U.S.C. § 1322(d).

Debtors will have to increase the payment through the Chapter 13 Plan to Creditor to approximately $709.63 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed sixty (60) months.

WHEREFORE, Creditor respectfully requests:

1. That confirmation of the Debtors' Chapter 13 Plan be denied;

2. That Debtors' case be dismissed;

3. Alternatively, that the Plan be amended to reflect that the pre-petition arrears listed in Creditor's Proof of Claim be paid within a period not exceeding sixty (60) months; and

4. Alternatively, that the Plan be amended to reflect that Creditor maintains a fully secured claim which is subject to an Adequate Protection Order requiring the Debtors to maintain current Plan payments to the Chapter 13 Trustee; and

/././

/././

/././

5. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: June 17, 2011        PITE DUNCAN, LLP


/s/ ARNOLD L. GRAFF (CA SBN 269170)
Attorneys for AURORA LOAN SERVICES LLC